People v Santos (2025 NY Slip Op 05652)

People v Santos

2025 NY Slip Op 05652

Decided on October 14, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 14, 2025

Before: Webber, J.P., Kennedy, Mendez, Rodriguez, Higgitt, JJ. 

SCI No. 67/21|Appeal No. 4955|Case No. 2023-01682|

[*1]The People of the State of New York, Respondent,
v
Willie Santos, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Kathryn Roop of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Maria I. Wager of counsel), for respondent.

Order, Supreme Court, Bronx County (Margaret W. Martin, J.), entered on or about March 6, 2023, which, after a hearing, adjudicated defendant a risk level two sexually violent offender pursuant to the Sex Offender Registration Act (SORA) (Correction Law art 6-C), unanimously affirmed, without costs.
The record is clear that the hearing court properly considered and rejected defendant's contention that a downward departure was warranted by his allegedly exceptional response to sex offender treatment (cf. People v Migliaccio, 90 AD3d 879, 880 [2d Dept 2011]).
Even assuming the record is unclear, remand would not be necessary, as the record with respect to defendant's arguments and evidence is sufficient for this Court to make the determination on his request (see People v Lewis, 143 AD3d 604, 605 [1st Dept 2016], lv denied 28 NY3d 916 [2017]). Accordingly, as an alternative holding we decline the request for a downward departure from defendant's presumptive risk level. Although an exceptional response to sex offender treatment may qualify as a mitigating factor not already accounted for in the RAI, the evidence concerning defendant's positive participation in a sex offender treatment program over the course of three months does not show that he had the type of exceptional response that would support a downward departure (see People v Bonnemere, 201 AD3d 475, 475 [1st Dept 2022]). At most, the evidence shows that defendant showed good, consistent participation that met the minimum requirements of the program. Furthermore, the evidence with respect to the other alleged mitigating factors was either adequately accounted for in the RAI or was not so exceptional as to warrant a departure (see People v Bevel, 224 AD3d 430, 431 [1st Dept 2024], lv denied 42 NY3d 902 [2024]; People v Lopez, 215 AD3d 575, 575 [1st Dept 2023], lv denied 40 NY3d 904 [2023]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 14, 2025